1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | **NO. CR-20-00466-001-PHX-MTL** |
| Plaintiff, | **FINDINGS AND RECOMMENDATION OF THE MAGISTRATE JUDGE UPON A PLEA OF GUILTY AND ORDER** |
| v. | |
| David Antonio Castro-Cruz, | |
| Defendant. | |

**TO THE HONORABLE MICHAEL T. LIBURDI, U.S. DISTRICT JUDGE:**

Upon Defendant's request to enter a plea of guilty pursuant to Rule 11 of the Federal Rules of Criminal Procedure, this matter came on for hearing before U.S. Magistrate Judge James F. Metcalf on September 17, 2020 with the written consents of the Defendant, counsel for the Defendant, and counsel for the United States of America. After consultation with counsel Defendant has orally consented on the record to proceed via teleconference and Defendant indicated his counsel is authorized to sign the plea agreement on his behalf after reviewing it in its entirety with counsel.

The Magistrate Judge accepted defendant's waiver of indictment after inquiry was made of the defendant as to his/her understanding of the right to prosecution by indictment.  Defendant's written waiver constitutes a part of the plea agreement that has previously been lodged with the Court.  Thereafter, the matter came on for a hearing on defendant's plea of guilty in full compliance with Rule 11, Federal Rules of Criminal Procedure, before the Magistrate Judge in open court and on the record.

In consideration of that hearing and the statements made by the defendant under

oath on the record and in the presence of counsel, and the remarks of the Assistant United States Attorney and of counsel for defendant,

I FIND as follows:

(1) that defendant understands the nature of the charge against him/her to which the plea is offered and the elements of the offense(s) to which he/she is pleading guilty;

(2) that defendant understands his/her right to trial by jury, to persist in his/her plea of not guilty, to the assistance of counsel at trial, to confront and cross-examine adverse witnesses, and his/her right against compelled self-incrimination;

(3) that defendant understands what the maximum possible sentence is, including the effect of the supervised release term, and defendant understands that the sentencing guidelines are advisory, not mandatory, and that the Court may sentence outside those guidelines if defendant is convicted at trial;

(4) that the plea of guilty by the defendant has been knowingly and voluntarily made and is not the result of force or threats or of promises apart from the plea agreement between the parties;

(5) that defendant is competent to plead guilty;

(6) that defendant understands that his/her answers may later be used against him/her in a prosecution for perjury or false statement;

(7) that defendant understands that by pleading guilty he/she waives the right to a jury trial;

(8) that defendant understands the terms of any plea agreement provision waiving the right to appeal or to collaterally attack the sentence, and has knowingly, intelligently and voluntarily waived those rights;

(9) that the defendant is satisfied with counsel's representation; and

(10) that there is a factual basis for the defendant's plea; and further,

I RECOMMEND that the Court accept the defendant's plea of guilty.

IT IS ORDERED that any objection to the guilty plea proceedings and any request for supplementation of those proceedings be made by the parties in writing and shall be

specific as to the objection or request made.   All objections or requests for supplementation shall be filed within fourteen (14) days of the date of service of a copy of these findings unless extended by an Order of the assigned district judge.

IT IS FURTHER ORDERED that any letters, documents, or other matters Defendant would like the sentencing judge to consider before sentencing (including the English translation of any writings not in English) must be submitted in paper form with the original to the probation office and copies to the sentencing judge and opposing counsel no later than seven (7) business days prior to the sentencing date or they may be deemed untimely by the sentencing judge and not considered.

IT IS FURTHER ORDERED that any motions for upward or downward departures or any sentencing memoranda must be filed at least seven (7) business days prior to the sentencing date.   Responses are due three (3) business days prior to the sentencing date.   Any motion to continue sentencing must be filed promptly upon discovery of the cause for continuance and must state the cause with specificity.  Motions to continue sentencing filed less than fourteen (14) days before sentencing are disfavored. If either party intends to call a speaker at sentencing, other than the Defendant, counsel must notify the Courtroom Deputy at least 3 business days in advance.

Dated: September 18, 2020.

Honorable James F. Metcalf
United States Magistrate Judge